PEARSON, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| MELODY EATON-HOLT, | ) | |
| | ) | CASE NO. 4:19CV1030 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | JUDGE BENITA Y. PEARSON |
| | ) | |
| DOROTHY HENRY, *et al.*, | ) | |
| | ) | **MEMORANDUM OF OPINION AND** |
| Defendants. | ) | **ORDER** |

*Pro se* Plaintiff Melody Eaton-Hold has filed a civil complaint in this matter against two individuals, Dorothy Henry and John Judin. ECF No. 1. Her one-paragraph complaint does not set forth clear allegations or legal claims. She alleges:

> John Judin, Ken Holt's brother-in-law, did take an insurance policy on my life [and] has stalked me for years through Steven Schermer, former employee of Globe Insurance, [and] that he did coerce black drug pushers from the rescue mission to harass me, after breaking in entering both my former addresses, [and] engineered the theft of a valid State of Ohio I.D.

*Id.* at PageID#: 1.

"[F]ederal courts have a duty to consider their subject matter jurisdiction in regard to every case and may raise the issue *sua sponte*." *Answers in Genesis of Ky., Inc. v. Creation Ministries Int'l, Ltd.*, 556 F.3d 459, 465 (6th Cir. 2009). "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3).

A federal court's jurisdiction is limited to those subject matters that arise either from a federal question of law, or from a dispute between parties from different states ("diversity jurisdiction"). *See* 28 U.S.C. §§ 1331, 1332. The plaintiff's complaint on its face does not allege

(4:19CV1030)

any discernible cause of action arising under federal law.  Even assuming she seeks to assert state-law claims for personal injury, as the Civil Cover Sheet she has submitted with her complaint (ECF No. 1-1) indicates, in order for the Court to exercise diversity jurisdiction over a state-law claim, the matter in controversy must exceed "the sum or value of $75,000, exclusive of interest and costs, and [be] between . . . citizens of different States."  28 U.S.C. § 1332(a)(1).

It is clear from the plaintiff's pleadings that diversity jurisdiction does not exist.  The plaintiff has indicated on her Civil Cover Sheet that she and the defendants are all citizens of Ohio.  ECF No. 1-1.  In addition, she indicates she seeks $10,000 of damages, which is less than the threshold, jurisdictional amount-in-controversy requirement of $75,000, exclusive of interest and costs.

## Conclusion

Accordingly, this action is *sua sponte* dismissed for lack of subject-matter jurisdiction. The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

   June 5, 2019                                        */s/ Benita Y. Pearson*
Date                                                 Benita Y. Pearson
                                                          United States District Judge